1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT
7                          FOR THE DISTRICT OF ARIZONA
8

9   Michael C. Isaacs,                    )      No. CV-07-8067-PCT-EHC (LOA)
                                          )
10              Petitioner,               )      **REPORT AND RECOMMENDATION**
                                          )
11  vs.                                   )
                                          )
12  Dora B. Schriro, et. al,              )
                                          )
13              Respondents.              )
    _____)
14

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28

16  U.S.C. § 2254.  (docket # 1)  Respondents have filed an Answer (docket # 9) to which

17  Petitioner has not replied and the deadline in which to do has expired.  Respondents assert

18  that the Petition should be dismissed as untimely.  Alternatively, Respondents assert that

19  several of Petitioner's claims should be denied as procedurally barred.  As discussed below,

20  the Court finds the Petition untimely and, therefore, need not reach the exhaustion issue.

    **I. Background**
21
            On November 5, 1998, Petitioner and William Wesley Duncan were indicted by a
22
    Mohave County Grand Jury for first-degree murder.  (Respondents' Exh. A at 2)  On
23
    December 7, 1998, the State filed a notice of intent to seek the death penalty.  (Respondents'
24
    Exh. A at 15)
25
            On October 19, 1999, Petitioner executed a Stipulated Guilty Plea ("Stipulated Plea")
26
    pursuant to which he agreed to plead guilty to second degree murder.  (Respondents' Exh. A
27
    at 84) The Stipulated Plea notified Petitioner that "SECOND DEGREE MURDER is
28

1  punishable by a presumptive term of imprisonment of 16 years, which the court may

2  increase to 22 years or decrease to 10 years, and a fine not to exceed $150,000.00 plus

3  surcharges and assessments." (Respondents' Exh. A at 84) The Stipulated Plea further

4  stated that "defendant will receive a sentence of: JUDGE'S DISCRETION; consistent with

5  the following additional terms: ALL OTHER TERMS AT THE JUDGE'S DISCRETION."

6  (*Id.*) The Stipulated Plea also provided that "defendant shall not have a right to appeal from

7  the judgment or sentence imposed as a result of this stipulated guilty plea." (*Id.*)

8       On October 19, 1999, the Superior Court accepted Petitioner's guilty plea.[1]   The

9  court first advised Petitioner of his rights, the possible penalties, and the terms of his plea

10  agreement. (Respondents' Exh. A at 85, 95) Specifically, the trial court advised Petitioner

11  that:

12       This offense is punishable by a presumptive or normal sentence of 16 years in
         prison. That could be increased up to as much as 22 years or it could be
13       decreased down to as little as 10 years in prison.

14       * * *
         Now, the plea agreement says that if you plead guilty to Second Degree Murder,
15       a Class 1 felony, as charged within count one, that the sentence that you receive
         will be at my discretion so, I can give you at little as 10 years in prison or as much
16       as 22 years in prison or anywhere in between those two. It will be completely up
         to me to decide where within that 12 year range of sentences your sentence will
17       fall.

18  (Respondents' Exh. 3 at 3-4) The court also confirmed that Petitioner had reviewed the plea

19  agreement, discussed its terms with counsel, and had agreed to its terms voluntarily. (*Id.* at

20  8-10)

21       On February 4, 2000, the Superior Court conducted a sentencing hearing. At the

22  conclusion of the hearing, the court sentenced Petitioner to 22 years in prison.

23  (Respondents' Exh. A at 108, 111; Exh. 4 at 17-18) During the sentencing hearing, the court

24  advised Petitioner that it found the following aggravated circumstances: (1) Petitioner acted

25

26  ───────────────

27       [1] The Honorable Steven F. Conn presided over the proceedings in the Superior Court for
     the State of Arizona, Mohave County. (Respondents' Exh. 3)

28                                        - 2 -

1   with premeditation; (2) Petitioner had an accomplice; (3) Petitioner's conduct was heinous

2   or depraved; (4) Petitioner committed the offense while on felony release; (5) Petitioner had

3   a prior felony at the time of the commission of the offense; (6) the crime was committed by

4   Petitioner offering pecuniary gain to another person; (7) the emotional impact on the

5   victim's family; and (8) the crime was committed with a firearm.  (Respondents' Exh. 4 at 5-

6   10) The court also reviewed possible mitigating factors and found that "the aggravating

7   factors in this case far outweigh the mitigating factors."  (*Id.* at 10-15, 17-18)

8   **A.  Rule 32 "of-right" Proceeding**

9   By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.

10  However, he retained his right to seek review in an "of-right proceeding" under Arizona

11  Rule of Criminal Procedure 32.  Ariz.R.Crim.P. 32.1, 32.4. On February 7, 2000,

12  Petitioner's trial counsel, Billy Keith Sipe, Jr., filed a motion to withdraw as counsel,

13  advising the court that he had "prepar[ed] for the defendant a Petition for Post-Conviction

14  Relief."  (Respondents' Exh. A at 113) The trial court granted counsel's motion to withdraw.

15  (Respondents' Exh. A at 117)

16  On February 8, 2000, Petitioner filed a Petition for Post-Conviction Relief and

17  Request for Appointment of Counsel in the Superior Court alleging that: (1) he was denied

18  the "constitutional right to representation by a competent lawyer at every critical stage of the

19  proceeding," (2) he was unlawfully induced to enter a plea of guilty or no contest; and (3)

20  his sentence was "imposed other than in accordance with the sentencing procedures

21  established by rule or statute."  Petitioner requested a "correction of sentence."

22  (Respondents' Exh. A at 114)  The court appointed Ronald Wood to represent Petitioner

23  during further proceedings and allowed counsel to file a Supplemental Petition for Post-

24  Conviction Relief.  (Respondents' Exh. A at 120)

25  On October 1, 2001, the court granted Petitioner until December 10, 2001 to file a

26  petition for post-conviction relief.  (Respondents' Exh. A at 133) On December 5, 2001,

27  Petitioner's counsel requested an additional extension of time which the court granted

28

- 3 -

1    extending the deadline to February 25, 2002. (Respondents' Exh. A at 134, 135)  On

2    February 19, 2002, Petitioner's counsel filed another request for an extension of time

3    advising the court that he had not yet received a portion of the sentencing transcript.  The

4    court directed the court reporter to prepare the requested sentencing transcript within 60

5    days and allowed Petitioner 60 days after the filing of that transcript within which to file his

6    petition.  (Respondents' Exh. A at 136-139)

7          On May 29, 2002, the court entered an order finding that the sentencing transcript had

8    been filed and granting counsel until July 29, 2002 to file a petition.  (Respondents' Exh. A

9    at 140) On July 29, 2002, Petitioner's counsel requested an additional 60-day extension in

10   view of the Supreme Court's ruling in *Ring v. Arizona*, 536 U.S. 584 (2002).  The court

11   entered an order granting Petitioner until September 27, 2002 to file a petition for post-

12   conviction relief.  (Respondents' Exh. A at 141, 142)

13         On October 1, 2002, Petitioner's counsel filed a supplemental petition for post-

14   conviction relief challenging Petitioner's sentence on the following grounds: (1) the trial

15   court erred in finding that the use of a deadly weapon was an aggravating circumstance; (2)

16   the trial court erred in finding the crime was committed in a heinous and depraved manner;

17   and (3) the trial court erred in declining to find that Petitioner's lack of a prior felony

18   conviction was a mitigating circumstance.  (Respondents' Exh. A at 143) On October 21,

19   2002, the court denied relief.  (Respondents' Exh. A at 146)

20         Petitioner did not seek review of the Superior Court's ruling in the Arizona Court of

21   Appeals. (Respondents' Exh. 1)  Rather, on November 21, 2002, Petitioner filed a *pro se*

22   Motion for Rehearing in the Superior Court.  (Respondents' Exh. A at 147) The court denied

23   the motion on December 5, 2002 as untimely pursuant to Ariz.R.Crim.P. 32.9(a) and

24   because it appeared to raise an issue that had not been raised in the petition for post-

25   conviction relief.  (Respondents' Exh. A at 148) Petitioner did not appeal the ruling on the

26   motion for rehearing.  (Respondents' Exh. 1)

27

28                                          - 4 -

**B.  Second Petition for Post-Conviction Relief**

Several years later, on April 19, 2005, Petitioner filed a *pro se* Notice of Post-Conviction relief and related documents ("second PCR") claiming that: (1) counsel in his first post-conviction proceeding was ineffective for failing to raise a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and for failing to seek review from the court's denial of his first petition for post-conviction relief; (2) the Superior Court abused its discretion by imposing an aggravated sentence pursuant to A.R.S. § 13-702; (3) he was entitled to resentencing under *Apprendi* and its progeny; and (4) A.R.S. § 13-702 is unconstitutionally vague as it relates to sentencing aggravation.  (Respondents' Exh. A at 149-152) Petitioner requested the appointment of counsel.

On May 6, 2005, the Superior Court issued an order (1) denying Petitioner's request for counsel, (2) denying Petitioner's *Apprendi/Blakely* claim on grounds that Petitioner's conviction was final before *Blakely* was decided; and (3) holding that although Petitioner was entitled to effective assistance of counsel in his first post-conviction proceedings, (a) counsel's failure to argue in 2002 that *Apprendi* mandated jury findings of aggravated factors was not ineffective, and (b) counsel's failure to appeal the denial of the first Rule 32 petition was not ineffective.  (Respondents' Exh. A at 155)

On June 13, 2005, Petitioner filed a petition for review with the Arizona Court of Appeals.  (Respondents' Exh. 2) On June 17, 2005, the court denied the petition as untimely.  (Respondents' Exh. A at 159) Petitioner, however, subsequently filed a motion in the Superior Court seeking permission to file a delayed petition for review which the court granted on September 1, 2005.  (Respondents' Exh. A 161) In view of the Superior Court's ruling, the Court of Appeals reinstated the petition for review.  (Respondents' Exh. A at 162-63) Thereafter, on August 14, 2006, the Arizona Court of Appeals denied the petition for review.  (Respondents' Exh. 5) Petitioner did not seek further review of the appellate court's order.  (Respondents' Exh. 1)

- 5 -

**C. The Pending Petition for Writ of Habeas Corpus**

Thereafter, on July 31, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus challenging his sentence.  (docket # 1) Respondents assert that the Petition should be dismissed as untimely.  Respondents alternatively argue that several of Petitioner's claims are procedurally barred.  Petitioner has not filed a reply.

**II. Statute of Limitations**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on state prisoners filing habeas corpus petitions in federal court.  Before the AEDPA, virtually no time limit restrained the filing of federal habeas petitions.  *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1286 (9th Cir. 1997) (*Beeler*), *cert. denied*, 523 U.S. 1, and *cert. denied*, 523 U.S. 1061 (1998), *overruled in* part on other grounds by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, *cert. denied*, 119 S.Ct. 1377 (1999).  The AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action.

 Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became *final by conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A)(emphasis added).

**A. "Final by Conclusion of Direct Review"**

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).  In making this determination, it is significant that by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.

- 6 -

1    A.R.S. § 13-4033(B).  Petitioner, however, retained the right to seek review in an "of-right"

2    proceeding pursuant to Ariz.R.Crim.P. 32.  Ariz.R.Crim.P. 32.1, 32.4.

3         The Ninth Circuit recently addressed, as a matter of first impression, the question of

4    when the conviction of a pleading defendant in Arizona becomes "final by the conclusion of

5    direct review" for purposes of 28 U.S.C. § 2244(d)(1).  *Summers v. Schriro*, 481 F.3d 410,

6    411 (9th Cir. 2007).  The Ninth Circuit held that an "'of-right proceeding,'available under

7    Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of

8    'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)."  *Id.* at 711.  The *Summers*

9    court explained that "[b]ecause a Rule 32 of-right proceeding is a form of direct review,

10   AEDPA's one-year statute of limitations does not begin to run until the conclusion of the

11   Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time

12   for seeking such proceeding or review."  Id.

13        Under *Summers*, because Petitioner pleaded guilty, his conviction became final upon

14   "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon]

15   the expiration of the time for seeking such proceeding or review."  *Summers*, 418 F.3d at

16   711.  Here, Petitioner pleaded guilty and was sentenced on February 4, 2000.  By virtue of

17   his plea, the only avenue of "direct" review was a Rule 32 of-right proceeding.  Under

18   Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence

19   within which to file a notice of review under Rule 32.  Ariz.R.Crim.P. 32.1, 32.4(a)(stating

20   that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the

21   entry of judgment and sentence or within thirty days after the issuance of the final order or

22   mandate by the appellate court in the petitioner's first petition for post-conviction relief

23   proceeding.")  Petitioner filed a timely notice of Rule 32 review on February 8, 2000.

24   (Respondents' Exh. A at 114)  On October 21, 2002, the trial court dismissed the Rule 32 of-

25   right proceeding.  (Respondents' Exh. A at 146) After the trial court dismissed Petitioner's

26   Rule 32 of-right proceedings, Petitioner had thirty days within which to petition the

27   appellate court for review.  Ariz.R.Crim.P. 32.9(c).  Petitioner did not seek appellate review

28

- 7 -

1 of the trial court's October 21, 2002 order dismissing his Rule 32 of-right proceeding.

2 Accordingly, his conviction became final on November 20, 2002, when the time for seeking

3 review of the denial of his Rule 32 of-right petition expired.  *Summers*, 481 F.3d at 411.

4        Accordingly, the AEPDA limitations period commenced on November 20, 2002 and

5 expired on or about November 20, 2003.  Petitioner did not file his pending § 2254 petition

6 until July 31, 2007.  (docket # 1) Accordingly, absent tolling, it is untimely.

7        **B.  Tolling the Limitations Period**

8        **1.  Statutory Tolling**

9        Pursuant to the AEDPA, the one-year limitations period is tolled during the time that

10 a "properly filed application for State post-conviction or other collateral review with respect

11 to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183

12 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review is pending in

13 State court for "all the time during which a state prisoner is attempting, through proper use

14 of state court procedures, to exhaust state remedies with regard to particular post-conviction

15 proceedings.")  This time period includes the intervals between the disposition of an appeal

16 or post-conviction petition and the filing of an appeal or successive petition at the next state

17 appellate level.  *Nino*, 183 F.3d at 1006.  However, the ADEPA limitations period is "not

18 tolled from the time a final decision issued on a state direct appeal and the time the first state

19 collateral challenge is filed because there is no case pending during that interval." *Nino*, 183

20 F.3d at 1006.  *See also*, *Curtiss v. Mt. Pleasant Correctional Facility*, 338 F.3d 851, 854 (8th

21 Cir. 2003)(no tolling during the time between the completion of direct review and the

22 initiation of post-conviction proceedings).

23        As previously stated, the AEDPA limitations period commenced on November 20,

24 2002 upon the conclusion of Petitioner's Rule 32-of right proceedings.  Petitioner did not

25 file his second Rule 32 petition for post-conviction relief until over two years later, on April

26 19, 2005.  In the interim, the ADEPA limitations period had expired on November 20, 2003.

27 Because Petitioner's second notice of post-conviction review was filed after the limitations

28                                                 - 8 -

period expired, it could not toll the limitations period.  Section 2244(d)(2) cannot "revive

'the limitation period (i.e. restart the clock to zero); it can only serve to pause a clock that

has not yet fully run.  Once the limitation period is expired, collateral petitions can no longer

serve to avoid a statute of limitation.'" *Johnson v. Galaza*, No. C 00-0450 CRB (PR), 2001

WL 125312, * 1(N.D.Ca., Feb. 7, 2001)(quoting *Rashia v. Kuhlman*, 991 F.Supp.2d 254,

259 (S.D.N.Y. 1998)). See also, *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003);

*Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)(noting that application for state

post-conviction relief filed after expiration of AEDPA statute of limitations did not reinitiate

limitations period, even though application was timely.)  Thus, the post-conviction

proceedings commenced on April 19, 2005 did not toll the already expired limitations

period.  *Id.*

Petitioner did not file his pending § 2254 petition until July 31, 2007, over three years

after the AEDPA limitations period expired.  (docket # 1) Accordingly, the pending Petition

is untimely absent equitable tolling.

### 2. Equitable Tolling

The Ninth Circuit recognizes that the § 2244(d) limitations period may be equitably

tolled because it is a statute of limitations, not a jurisdictional bar.  *Calderon (Beeler)*, 128

F.3d at 1288.  Tolling is appropriate when "extraordinary circumstances beyond a prisoner's

control make it impossible to file a petition on time."  *Id.*; *see also*, *Miranda v. Castro*, 292

F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable

tolling [under AEDPA] is very high, lest the exceptions swallow the rule.")(citations

omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather

than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable

tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104,

1107 (9th Cir. 1999).  The extraordinary circumstances requirement is a "high hurdle," *see*

*Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable

tolling.  *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).   A petitioner seeking equitable

- 9 -

1 tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and

2 (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S.

3 408, 418 (2005). Petitioner must also establish a "causal connection" between the

4 extraordinary circumstances and his failure to file a timely petition. *Bryant v. Arizona*

5 *Attorney General*, 499 F.3d 1056, 1061 (9th Cir 2007).

6       The circumstances in this case do not support a finding that Petitioner pursued his

7 rights diligently where his Petition was filed nearly four years after the limitations period

8 expired. Petitioner allowed 151 days to elapse between his first and second petitions for

9 post-conviction relief, and allowed an additional 321 days to pass between the conclusion of

10 his second Rule 32 proceedings and the filing of his pending habeas corpus petition. *See*,

11 *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003)(noting that "[s]uch a result would be

12 inconsistent with our previous decisions applying equitable tolling only where 'external

13 forces, rather than a petitioner's lack of diligence account for the failure to file a timely

14 claim.").

15       Additionally, Petitioner has not offered any extraordinary circumstances which

16 prevented him from filing a timely petition. *Pace*, 544 U.S. at 418. Petitioner's status as a

17 prison inmate does not constitute an extraordinary circumstance beyond his control

18 warranting the tolling of the one-year limitations period. *Marsh v. Soares*, 223 F.3d 1217,

19 1220 (10th Cir. 2000). The ordinary difficulties inherent in prison life do not constitute

20 extraordinary circumstances sufficient to toll the AEDPA limitations period. *Shannon v.*

21 *Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005)(stating that "[e]ach of the cases in which

22 equitable tolling has been applied have involved wrongful conduct, either by state officials

23 or occasionally, by the petitioner's counsel."). Likewise, Petitioner's lack of familiarity with

24 the law and lack of legal assistance do not constitute extraordinary circumstances sufficient

25 to toll the limitations period. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006);

26 *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a

27 *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external

28

1   factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas

2   claim).

3        Petitioner has failed to present any circumstances that would justify equitably tolling

4   the AEDPA statute of limitations.  Accordingly, his § 2254 Petition should be denied as

5   untimely.

6   **III.  Application of AEDPA to *Blakely* Claim**

7        The Court notes that in Ground IV of the pending petition and in Petitioner's second

8   petition for post-conviction relief, Petitioner appears to argue that pursuant to *Blakely*

9   *v.Washington*, 542 U.S. 296 (2004) and 28 U.S.C. § 2244(d)(1)(C), the AEDPA's statute of

10  limitations commences on the "date on which the constitutional right asserted was initially

11  recognized by the Supreme Court, if the right has been newly recognized by the Supreme

12  Court and made retroactively applicable to cases on collateral review."  28 U.S.C. §

13  2244(d)(1)(C).

14       As previously stated, Petitioner's conviction was final on direct review in 2002.

15  *Blakely* was decided on June 24, 2004.  The Ninth Circuit has held that *Blakel*y does not

16  apply retroactively to cases that were final on direct review before *Blakely* was decided on

17  June 24, 2004.  *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005)(holding that *Blakely*

18  does not apply retroactively to a conviction that was final before that decision was

19  announced.).  Because *Blakely* does not apply retroactively to Petitioner's case, §

20  2244(d)(1)(C) does not apply.

21  **IV.  Conclusion**

22       In summary, because the Petition is untimely and Petitioner has not established any

23  basis for tolling the AEDPA limitations period, the Petition should be denied.

24       Accordingly,

25

26       IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas

27  Corpus pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED**.

28                                    - 11 -

1    This recommendation is not an order that is immediately appealable to the Ninth

2    Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3    Appellate Procedure, should not be filed until entry of the District Court's judgment. The

4    parties shall have ten days from the date of service of a copy of this recommendation within

5    which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules

6    72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within

7    which to file a response to the objections. Failure timely to file objections to the Magistrate

8    Judge's Report and Recommendation may result in the acceptance of the Report and

9    Recommendation by the District Court without further review. *See United States v. Reyna-*

10   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual

11   determinations of the Magistrate Judge will be considered a waiver of a party's right to

12   appellate review of the findings of fact in an order or judgment entered pursuant to the

13   Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

14       DATED this 18th day of January, 2008.

15

16

17

18   _____
                 Lawrence O. Anderson
19               United States Magistrate Judge

20

21

22

23

24

25

26

27

28
                            - 12 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28